THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALINA KISER, individually,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-2535 |
| | ) | |
| **JOURNEYCARE, INC., an Illinois Not-For-Profit Corporation, d/b/a MIDWEST PALLIATIVE AND HOSPICE CARECENTER and HORIZON HOSPICE AND PALLIATIVE CARE, and JOURNEYCARE FOUNDATION, INC., an Illinois Not-For-Profit Corporation,** | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff ALINA KISER, ("Plaintiff"), by and through her counsel, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., against Defendants JOURNEYCARE, INC., d/b/a MIDWEST PALLIATIVE AND HOSPICE CARECENTER and HORIZON HOSPICE AND PALLIATIVE CARE, and JOURNEYCARE FOUNDATION, INC. ("Defendants"), and alleges upon personal believe as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendants' wrongful classification of Plaintiff as exempt from the overtime compensation requirements of the FLSA and IMWL. Plaintiff has worked for Defendants as a phone triage nurse and provided health care services and advice to hospice patients and their care providers over the phone.

1

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA or IMWL, Defendants must strictly and affirmatively establish both that the employee performs duties that meet one of the categories for exemption and also that the employee is compensated on either a "salaried" or "fee" basis. Defendants have paid and continue to pay Plaintiff based on a combined salaried and hourly basis. This combined salaried and hourly pay scheme does not comport with either the salaried basis or the fee basis requirements of the FLSA or the IMWL. Accordingly, Defendants cannot meet their burden of establishing that Plaintiff is exempt and have wrongly deprived Plaintiff of earned overtime compensation in violation of the FLSA and IMWL.

3. During the relevant statutory period, Defendants have maintained a corporate policy and practice of paying Plaintiff pursuant to a compensation method that includes salaried payment for some work, hourly payments for some work, and no payments whatsoever for other work.

4. Defendants paid Plaintiff at an hourly rate of pay during some workweeks and with a salary during other workweeks in an effort to avoid their overtime obligations under the FLSA and IMWL.

5. Defendants do not pay Plaintiff any sums for other tasks she routinely performs before her shift starts including, but not limited to, logging into her computer, Defendants' secure access site, and Defendants' phone system, and opening and checking emails to prepare for her shift. Defendants also have not paid Plaintiff for time spent in mandatory staff meetings.

6. Based upon their compensation practice and policy, Defendants misclassified Plaintiff as an exempt employee.

7. Defendants failed to compensate Plaintiff for all overtime wages earned.

8. Accordingly, Defendants are liable for their failure to pay Plaintiff for time worked in excess of forty (40) hours in given workweeks at one and one-half times her regular rate of pay.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in and do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

13. ALINA KISER is a resident of Illinois who worked for Defendants as a phone triage nurse during the applicable statute of limitations period and was paid on a salaried and hourly basis.

14. At all relevant times, ALINA KISER was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3(d).

15. At all relevant times, Defendant JOURNEYCARE, INC., d/b/a MIDWEST PALLIATIVE AND HOSPICE CARECENTER and HORIZON HOSPICE AND PALLIATIVE

3

CARE has been a not-for-profit corporation organized under and governed by Illinois law, a citizen of Illinois, and has offices throughout this District.

16. At all relevant times, Defendant JOURNEYCARE FOUNDATION, INC., has been a not-for-profit corporation organized under and governed by Illinois law, a citizen of Illinois, and is the parent of Defendant JOURNEYCARE, INC., d/b/a MIDWEST PALLIATIVE AND HOSPICE CARECENTER and HORIZON HOSPICE AND PALLIATIVE CARE.

17. At all relevant times, each Defendant was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

18. As a triage nurse, Plaintiff ALINA KISER was required, among other things, to provide medical care and advice over the phone to hospice patients, complete documentation of patient health and calls ("charting"), communicate with patients, physicians, and other medical care providers, and participate in staff meetings Defendants' offices. Defendants compensated ALINA KISER at a salaried rate during certain arbitrary workweeks.

19. Defendants compensated ALINA KISER at an hourly rate during other arbitrary workweeks.

20. Defendants failed to compensate ALINA KISER for time worked performing certain tasks including, but not limited to, work performed before and after her shift such as charting, emails with Defendants, and logging into and out of Defendants' secure systems before and after her shift. Defendants also failed to compensate ALINA KISER for time spent in mandatory staff meetings.

21. Defendants classified ALINA KISER as an exempt employee under the FLSA and the IMWL and did not pay her overtime wages despite working in excess of forty (40) hours in given workweeks.

22. ALINA KISER was directed by Defendants to work and routinely worked in excess of forty (40) hours in given workweeks, but was not compensated for overtime wages earned at a rate of one and one-half times her regular rate of pay.

23. Defendants misclassified ALINA KISER as exempt from the FLSA and IMWL.

24. Defendants knew or should have known that they had misclassified Plaintiff as exempt.

25. Defendants knew or should have known that Plaintiff worked in excess of forty (40) hours in given workweeks.

26. Defendants' conduct, as alleged herein, was willful.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

29. Defendants willfully engaged in a pattern and practice of violating the FLSA by misclassifying Plaintiff as "exempt," and thereby failing and refusing to pay her the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

30. Plaintiff is not subject to any exemption.

31. As a result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

32. Defendants did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

33. As a result of Defendants' unlawful acts, they are liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

34. Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate injunctive relief.

## COUNT II

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Plaintiff is a member of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

37. The IMWL, 820 ILCS §§ 105 *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

38. Defendants engaged in a widespread pattern and practice of violating the IMWL by misclassifying Plaintiff as "exempt", and thereby failing and refusing to pay her the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

39. Plaintiff is not subject to any exemption.

40. As a result of Defendants' violations of the IMWL, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

41. As a result of Defendants' unlawful acts, they are liable to Plaintiff for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

42. Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the IMWL and other appropriate injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, ALINA KISER, by and through their attorneys, demands judgment against the Defendants, each of them, jointly and severally, and in favor of the Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff;

  ii. Willfully violated provisions of the FLSA;

  iii. Violated the overtime provisions of the IMWL by misclassifying Plaintiff; and

B. Award compensatory damages in the mount of one and one-half times Plaintiff's regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

C. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

D. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

E. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

F. Grant leave to amend to add claims under applicable state and federal laws;

G. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 24, 2016

Respectfully Submitted,

*/s/ Ryan F. Stephan*
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
(312) 233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**